**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**NATIONSTAR MORTGAGE, LLC**                                                     **PLAINTIFF**

**V.**                                                                                           **CASE NO. 3:07CV32**

**WILLIE E. KNOX**
**LINDA M. KNOX**                                                                         **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court on the motion [13] of plaintiff, Nationstar Mortgage, LLC ("Nationstar") seeking to compel arbitration.

On March 7, 2007, Nationstar filed the instant suit for declaratory judgment in response to defendants', Willie E. Knox and Linda M. Knox, suit against Nationstar filed in the Chancery Court of Grenada County, Mississippi. The underlying suit sought relief from a mortgage agreement on the basis of a number of state law claims. Nationstar also removed the underlying suit to federal court. On May 22, 2007, Nationstar filed a motion to compel arbitration in this declaratory judgment action. While that motion was pending the underlying suit was remanded back to state court. The Knoxes challenge the motion to compel arbitration by asserting that subject matter jurisdiction is absent because Nationstar fails to meet the amount in controversy requirement of diversity jurisdiction. Additionally, the Knoxes argue that if jurisdiction exists, the court should refrain from deciding this matter because of the Anti-Injunction Act.

Federal diversity jurisdiction exists when a suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A good faith assertion of the amount in controversy by a plaintiff controls the determination of the amount in controversy. *See*

*Olan Mills, Inc., of Tenn. v. Enterprise Pub. Co.*, 210 F.2d 895, 896 (5th Cir. 1954). "In order for a federal court to decline jurisdiction '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *DeAguilar v. Boeing Company*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

The Knoxes in their underlying suit specifically stated in their complaint, "[a]ll relief sought in this ad damnum clause and in this complaint are not to exceed $70,000.00 (with the exception of post judgment interest) and the Plaintiff[s] will not except [sic] a judgment for more than $70,000.00 nor will the Plaintiff[s] amend this complaint to request more than $70,000.00." In deciding that federal diversity jurisdiction was not present in the underlying suit Judge Aycock found this statement "has the effect of a stipulation precluding the Plaintiffs from increasing the *ad damnum* clause." *Knox v. Nationstar Mortgage, LLC*, 2008 WL 2564655 at *2 (N.D. Miss. June 24, 2008). This court agrees that the statement precludes an award of more than $70,000.

However, the Knoxes also seek recision of their mortgage and a permanent injunction prohibiting Nationstar from proceeding with any foreclosure. While recision of the mortgage or a prohibition of foreclosure proceedings would not result in the increase of a monetary award, it does increase the value of the suit. "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)); *see also Puente de Reynosa, S.A. v. City of McAllen*, 357 F.2d 43, 47 (5th Cir. 1966) ("The 'substantial character of the jurisdictional averment . . . is to be tested, not by the mere immediate pecuniary damage resulting from the act complained of, but by the value of the business to be protected and the rights of property which the complainant sought to have

recognized and enforced'") (quoting *Bitterman v. Louisville & Nashville R.R. Co.*, 207 U.S. 205, 222 (1907)).

In the present action the amount in controversy is $70,000 plus the value of the mortgage itself. Nationstar would vale the mortgage at over $107,000. The Knoxes claim the value of the mortgage is less than $75,000. They do not give the court an exact figure as to the value of the mortgage, but assert that the principle balance was $44,739.26 as late as September 1, 2005. However, there is no need for the court to determine the actual value of the mortgage. It is clear that the value is greater than $5,000. As such the amount in controversy exceeds the $75,000 statutory requirement. This court has jurisdiction over the instant action.

The Knoxes next assert that the court is prohibited from ruling on this matter by the Anti-Injunction Act. 18 U.S.C § 2283. The Ant-Injunction Act provides "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id*. "Section 2283 was enacted . . . to avoid unseemly conflict between state and federal courts." *Signal Properties, Inc. v. Farha*, 482 F.2d 1136, 1137 (5th Cir. 1973). "This creates a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Shore v. Saxbe*, 395 F. Supp. 1396, 1396 (D.C. Tenn. 1974) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). As such the Act codifies principles of comity. *Machesky v. Bizzell*, 414 F.2d 283, 287 (5th Cir. 1969). If the Anti-Injunction Act would bar an injunction, a declaratory judgment that would have the same effect is also barred. *Texas Employers Ins. Ass'n v. Jackson*, 862 F.2d 491, 494 (5th Cir. 1988) (en banc). Principles of equity, comity, and federalism must be considered in deciding to issue an injunction. *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). This is true even where a court has

jurisdiction to issue an injunction. *Lynch v. Snepp*, 472 F.2d 769, 771 (4th Cir. 1973). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

As discussed above, a sister court has declined to exercise jurisdiction in the underlying suit. That suit, having been remanded, is still pending in Grenada County Chancery Court. By ruling on Nationstar's motion to compel arbitration, this court would enjoin the state court from proceeding with that action. Nationstar will have the opportunity to enforce a valid arbitration agreement in state court. *See Mississippi Care Center of Greenville, LLC v. Hinyub*, 975 So.2d 211, 214 (Miss. 2008) (outlining Mississippi's law and policy related to arbitration and the Federal Arbitration Act). The principles of equity, comity and federalism prevent this court from deciding the instant matter.

The court declines to exercise jurisdiction and this matter is dismissed without prejudice.

A separate judgment will be issued this date, pursuant to Federal Rule of Civil Procedure 58.

This the 19th day of September, 2008

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**